IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ron Christopher Footman, #237013, ) | C/A No.: 1:15-161-TLW-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | AND ORDER |
| Levern Cohen, Warden of Ridgeland ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Ronald Christopher Footman is an inmate at the Ridgeland Correctional Institution of the South Carolina Department of Corrections. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion for summary judgment and return. [ECF Nos. 15, 16]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by May 18, 2015. [ECF No. 17]. Petitioner filed a timely response. [ECF No. 20]. Petitioner also filed a motion to amend his petition [ECF No. 19], which Respondent opposes [ECF No. 21]. After having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted and Petitioner's motion be denied.

1

I.      Procedural Background

Petitioner was indicted by the Calhoun County grand jury during the August 2006 term of court for (1) assault and battery with intent to kill ("ABWIK") (2006-GS-09-0153) and (2) criminal domestic violence of a high and aggravated nature ("CDVHAN") (2006-GS-09-0154). [ECF No. 16-11 at 37–40]. Petitioner was represented by Martin Banks, Esq., and pled guilty to the charges on January 28, 2008, before the Honorable James C. Williams, Jr., Circuit Court Judge. [ECF No. 16-1 at 3–22]. Judge Williams sentenced Petitioner to concurrent sentences of 12 years for ABWIK and 10 years for CDVHAN. *Id.* at 21. Petitioner did not file a direct appeal of his convictions or sentences.

A year and a half later, on August 17, 2009, Petitioner filed an application for post-conviction relief ("PCR") in which he alleged ineffective assistance of counsel and sought a belated appeal. [ECF No. 16-3 at 3]. A PCR evidentiary hearing was held before the Honorable Diane S. Goodstein on March 2, 2010, at which Petitioner and his counsel, Charlie J. Johnson, Jr., Esq., appeared. [ECF No. 16-24]. On September 19, 2010, Judge Goodstein filed an order of dismissal, finding that the action, except for the allegation seeking a belated direct appeal, was barred by the statute of limitations. [ECF No. 16-5]. Petitioner timely filed a notice of appeal from the denial of PCR. [ECF No. 16-6]. On February 18, 2011, the South Carolina Supreme Court issued an order dismissing the appeal due to Petitioner's failure "to provide an adequate explanation under Rule 243(c) SCACR." [ECF No. 16-10 at 1]. The remittitur issued on March 4, 2011. *Id.* at 3.

Petitioner filed a second PCR application on August 2, 2011, in which he alleged ineffective assistance of counsel and that his waiver of appeal was involuntary. [ECF No. 16-11 at 8]. On September 16, 2011, Petitioner filed amendments furthering the grounds raised in the second PCR application. [ECF No. 16-12]. The Honorable Edgar W. Dickson signed a conditional order of dismissal on December 8, 2011, finding the application was untimely and successive and giving Petitioner 20 days to explain why the application should not be dismissed as untimely and successive. [ECF No. 16-11 at 18–22]. On or about January 10, 2012, Petitioner filed a document captioned "Applicant's Objection to Conditional Order of Dismissal." [ECF No. 16-13]. On July 18, 2012, Judge Goodstein, as Chief Administrative Judge for the First Judicial Circuit, issued a final order dismissing Petitioner's second PCR application with prejudice. [ECF No. 16-11 at 29–30]. Petitioner filed Rule 59(e) SCRCP motion to alter or amend, *id.* at 31–34, which Judge Goodstein denied in an order filed on October 5, 2012, *id.* at 35–36.

On or about October 25, 2012, Petitioner filed a pro se notice of PCR appeal [ECF No. 16-14], and the Supreme Court of South Carolina issued a letter on November 14, 2012, requiring Petitioner to provide the court with a written explanation of the basis for his notice of appeal [ECF No. 16-15]. On December 6, 2012, Petitioner filed a document captioned "Explanation Pursuant to Rule 243(c) SCACR." [ECF No. 16-11 at 23–27]. Wanda Carter of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, was appointed to represent Petitioner [ECF No. 16-11 at 28], and she filed a petition for writ of certiorari to the South Carolina Supreme Court, raising the following issue: "The second PCR judge erred in denying petitioner's instant PCR action

3

without holding a hearing on the question of whether trial counsel erred in allowing him to plead guilty before fully investigating into the viability of a mental illness defense in his case." [ECF No. 16-16 at 3].

Pursuant to Rule 243(l), SCACR, the petition was transferred to the Court of Appeals for disposition. [ECF No. 16-19]. The Court of Appeals denied the petition by order filed December 3, 2014. [ECF No. 16-19]. The remittitur issued January 5, 2015. [ECF No. 16-20].

On January 7, 2015, Petitioner filed this federal petition for a writ of habeas corpus. [ECF No. 1-1 at 1].[1]

II.     Discussion

    A.     Federal Habeas Issues

Petitioner states the following grounds in his habeas petition:

**Ground One:**     Denied the actual effective assistance of counsel

    Supporting Facts: Trial counsel rendered the actual ineffective assistance of counsel where he failed to secure the proper procedure under Evans. See 44-23-410 "competent to stand trial."

**Ground Two:**     Denied the right to a criminal[l] direct appeal (tr. p. 11, 10–12)

    Supporting Facts: Petitioner was not competent to endure the plea proceeding, for his medication for mental illness was inadequate, he could not have possible understood the proceeding or the right when given by the court— therefore, the record does not support where he

---

[1] The petition was received by the court on January 12, 2015, and docketed on January 13, 2015. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The date stamp on his envelope reflects his petition was deposited in the Ridgeland Correctional mailing system on January 7, 2015. [ECF No. 1-1 at 1].

4

>> voluntarily knowingly and intelligently waived the right to a criminal direct appeal.

[ECF No. 1 at 5, 7 (errors in original)].

### B. Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255.

### C. Analysis of AEDPA Bar

#### 1. AEDPA's Statute of Limitations

Respondent moves for dismissal, alleging that the petition was not timely filed under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), made effective on April 24, 1996. Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal

courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> 
> (A)   **the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 
>   (2)   **The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection**.

28 U.S.C. § 2244(d) (emphasis added). Subsection (d)(1)(A) provides that the one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not after collateral review is completed. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe*, 257 F.3d 395, 398 (4th Cir. 2001). If a defendant files a direct appeal and his conviction

6

is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. *Harris*, 209 F.3d at 328, n.1 (noting conviction becomes final on the expiration of the 90-day period to seek review by the United States Supreme Court from a state's highest court; *cf. Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002) (discussing procedure for district court's sua sponte timeliness analysis, noting limitations period begins to run when time for filing certiorari in the United States Supreme Court has elapsed).[2]

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). "Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." *Crawley v. Catoe,* 257 F.3d at 399.

A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules

---

[2] The *Hill* court did not discuss whether the state court that had dismissed the petitioner's appeal was the state court of last resort.

7

governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Generally, federal courts use Fed. R. Civ. P. 6(a) in computing periods of time under 28 U.S.C. § 2244(d)(2). *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

In 2000, the Fourth Circuit held that the AEDPA's statute of limitations is not jurisdictional, but subject to the doctrine of equitable tolling. The court found that equitable tolling applies only in "those rare instances where—due to circumstances external to the [Petitioner's] own conduct—it would be unconscionable to enforce the limitation against the [Petitioner]." *Harris*, 209 F.3d at 330. In 2010, the United States Supreme Court squarely considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. at 418 n.8 (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitable tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (*quoting Pace*, 544 U.S. at 418)).

Under § 2244(d), the state bears the burden of asserting the statute of limitations. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

2. Petitioner Did Not Timely File His Federal Petition

The undersigned finds Petitioner did not timely file his petition in this matter. The AEDPA one-year period of limitation begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not seek review by the United States Supreme Court, the AEDPA's one-year statute of limitations began running "at the expiration of the time" for seeking direct review in state court. 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction therefore became final "when his time for seeking review with the State's highest court expired." *Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).[3]

Petitioner was found guilty and was sentenced on January 28, 2008. [ECF No. 16-1 at 3–22]. At that point, Petitioner had ten days within which to file a notice of appeal,

---

[3] The Court's *Gonzalez* decision makes it clear that, for a petitioner who did not seek review by filing a petition for writ of certiorari in that Court, no time is added to the expiration of the "time for seeking review from the State's highest court." 132 S. Ct. at 653–54. The Court contrasted its finding as to § 2244's statute of limitations with its cases interpreting the statute of limitations found in 28 U.S.C. § 2255(f)(1), which is applicable to *federal* prisoners seeking habeas relief. *See* 132 S. Ct. at 653 (noting *federal* judgment of conviction begins "'when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing the certiorari petition expires.'") (quoting *Clay v. United States,* 537 U.S. 522, 527 (2003)).

but he failed to do so. *See* Rule 203(b)(2), SCACR ("After a plea or trial resulting in conviction or a proceeding resulting in revocation of probation, a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed."). Petitioner's conviction became final on February 7, 2008, the first non-holiday business day ten days after his sentence. Accordingly, Petitioner's one-year statute of limitations period began running on February 8, 2008, the first day following the expiration of Petitioner's ten-day window of appeal. Petitioner's federal time limitations for filing this habeas action expired on February 9, 2009, and his filing of the first PCR action on August 17, 2009, came too late to toll the expired statute of limitations.4 Petitioner did not file this habeas action until January 7, 2015, over five years after the statute of limitations had run. Thus, Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d).

Petitioner is barred from federal habeas review unless he has demonstrated that he diligently has been pursuing his rights and that extraordinary circumstances prevented his timely filing, which could equitably toll the statute of limitations.

### 3. Petitioner Has Not Demonstrated Entitlement to Equitable Tolling

To benefit from the doctrine of equitable tolling, Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland* at 659 (quoting *Pace*, 544 U.S. at

---

4  Even were the court to ignore the year and a half delay in Petitioner's filing of his first PCR and calculate the AEDPA clock as starting on the issuance of the South Carolina Supreme Court's denial of his PCR appeal on February 18, 2011, Petitioner's federal habeas filing would be considered late by almost four years.

418); *see also Rouse*, 339 F.3d at 246 (holding that, for equitable tolling to apply, petitioner must show that there was 1) an "'extraordinary circumstance,' 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time.").

                                                  a.        Petitioner Has Not Demonstrated Reasonable Diligence

The undersigned is of the opinion that Petitioner's untimely filing should not be excused by equitable tolling under *Holland's* two-pronged test. First, Petitioner has not demonstrated he was reasonably diligent in pursuing his rights below. Petitioner's tardiness in filing this petition in no manner suggests that he diligently pursued his rights. Petitioner appears to seek habeas relief, inter alia, on the ground that he was denied the right to file an appeal. [ECF No. 1 at 7]. Even so, Petitioner has failed to demonstrate that he had been pursuing his rights diligently before he filed his first PCR application on August 17, 2009. Petitioner waited over a year and a half to file his first PCR application, which the undersigned finds is evidence that Petitioner was not pursuing his rights diligently.

Petitioner's filing of a successive PCR application on August 2, 2011, did not toll the statute of limitations. *Pace*, 544 U.S. at 417 (holding that petitioner's PCR application, having been rejected by the state court as untimely, was not "properly filed" to entitle him to statutory tolling under §2244(d)(2)). *See also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (internal quotations omitted); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where petitioner alleged lack of legal knowledge and legal resources), *cert. denied*, 540

11

U.S. 971 (2003); *see also Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (concluding equitable tolling applies only in rare instances where due to circumstances so external to the petitioner's own conduct, it would be unconscionable to enforce the limitation against the petitioner).

For these reasons, the undersigned is of the opinion that Petitioner has not satisfied the first-prong of *Holland's* two-pronged test for equitable tolling. *Holland* requires a petitioner to establish both prongs of the test to show entitlement to equitable tolling, so the court could end its analysis here.

b.     Petitioner Has Not Demonstrated Extraordinary Circumstance

Independently, the undersigned finds that Petitioner cannot satisfy the second prong of the test because he has not set forth facts that could demonstrate an "extraordinary circumstance" kept him from timely filing this action. Petitioner has not presented any facts sufficient to permit a finding of an extraordinary circumstance that could entitle Petitioner to equitably toll the AEDPA's statute of limitations.

Although Petitioner cites to his alleged "disability of getting adjusted to mental health medication" [ECF No. 20 at 3] and his failure to have his right for an appeal [*id.* at 2], he has not demonstrated extraordinary circumstances to satisfy *Holland*. According to the guilty plea transcript, Petitioner was evaluated and found competent to stand trial. [ECF No. 16-1 at 14–15]. To the extent that Petitioner asserts that he has a limited education or has mental health issues, he has failed to offer any evidence to support his allegations regarding his mental health. *See Cullen v. Pinholster*, --- U.S. ---, ---, 131 S. Ct. 1388, 1398 (2011) ("review under § 2254(d) (1) is limited to the record before the

12

state court that adjudicated the claim on its merits"); *see generally Rhodes v. Senkowski*, 82 F.Supp.2d 160, 170 (S.D.N.Y.2000) (holding that petitioner must allege more than mere existence of physical or mental ailments to justify equitable tolling of one-year limitations period for habeas petitions; petitioner has burden to show that these health problems rendered him unable to pursue his legal rights during the one-year time period).

Accordingly, the undersigned is of the opinion that the petition should be dismissed on statute-of-limitations grounds. The filing was untimely, and Petitioner has not presented facts sufficient to support his argument that the limitations period should be equitably tolled. *See Harris*, 209 F.3d at 330 (noting petitioner has burden of showing equitable tolling). The undersigned recommends that Respondent's motion for summary judgment be granted. Having found that the statute of limitations bars Petitioner's § 2254 petition, the undersigned is precluded from addressing the merits of his claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).

D.    Motion to Amend

Petitioner filed a motion to amend his petition on May 4, 2015. [ECF No. 19]. Although the motion to amend appears to have been filed timely within 21 days after service of a responsive pleading under Fed. R. Civ. P. 15(a)(1)(B), the undersigned denies the motion as futile.

The motion seeks to amend the current claim of ineffective assistance of trial counsel by citing grounds included in Petitioner's second PCR application [ECF No. 16-

12] and raising an additional third ground that he was denied a hearing on his second PCR application [ECF No. 19].

Petitioner's initial pleading in this matter is time-barred by more than five years. Where the statute of limitations expires prior to the amendment sought, the amendment must relate back to the original pleading under Fed. R. Civ. P. 15(c)(2), meaning that "the claims added by amendment arise from the same core facts as the timely filed claims." *Mayle v. Felix*, 545 U.S. 644, 657 (2005); *Gray v. Branker*, 529 F.3d 200, 240–42 (2008). An amendment does "not relate back under the definition of 'conduct, transaction, or occurrence'" where the new claims depend upon events separate in both time and type from the events lending to a petitioner's initial grounds for relief. *Id.* (quoting Fed. R. Civ. P. 15(c)(2)). Petitioner's amended claims reflect unrelated ineffective assistance claims raised or related to his second PCR application and not from the same core facts as Petitioner's initial grounds. Therefore, the amendment sought does not relate back in accord with the requirements of Fed. R. Civ. P. 15(c)(2). Because the amended claims do not relate back to the original pleading, the statute of limitations does not toll. *Mayle v. Felix, supra* at 662 ("The very purpose of Rule 15(c)(2) . . . is to qualify a statute of limitations" (internal quotation omitted)); *Gray v. Branker* at 240.

Independently, a motion to amend may be properly denied where "the amendment would be futile.'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (*quoting Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). The grounds raised by the amendment were procedurally defaulted under *Coleman* because Petitioner did not raise them to state's highest court, they are procedurally impossible to raise there

14

now, and they would therefore be procedurally barred from federal habeas review. The undersigned denies Petitioner's motion to amend [ECF No. 19] his petition, as the proposed amendment would be futile. *Davis v. McCall*, 2013 WL 1282128, at *5–6 (D.S.C. 2013) (holding that amendment futile where allegations procedurally defaulted).

III.     Conclusion, Recommendation, and Order

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment [ECF No. 15] be granted and the petition be dismissed with prejudice.  IT IS SO RECOMMENDED.

The undersigned denies Petitioner's motion to amend [ECF No. 19].  IT IS SO ORDERED.

August 13, 2015                                              Shiva V. Hodges
Columbia, South Carolina                             United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

15

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).